# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| GARY AURITT, | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| V. | )     CIVIL NO. 2:18-CV-471-DBH |
| | ) |
| SHANNON AURITT, ET AL., | ) |
| | ) |
|     DEFENDANTS | ) |

## DECISION AND ORDER ON PENDING MOTIONS

The plaintiff Gary Auritt filed this federal lawsuit against his divorced spouse, Shannon Auritt, her mother, Kathleen Hamilton, and a Florida limited liability company, Take A Shower LLC. The original complaint contained two federal counts and two state counts. The federal counts asserted that the defendants violated federal unfair competition law under 15 U.S.C. § 1125(A)&(D), and requested federal declaratory relief that the plaintiff is the owner of a particular trademark. The state counts asserted violations of Maine unfair competition law under 10 M.R.S. § 1212 and Maine trademark or trade name dilution law under 10 M.R.S. § 1530. Compl. ¶¶ 41-56 (ECF No. 1). The three defendants moved to dismiss on a variety of grounds.

*Personal Jurisdiction*

Kathleen Hamilton and Take A Shower LLC moved to dismiss for lack of personal jurisdiction; they provided affidavits asserting their lack of contacts with Maine. (See ECF Nos. 29 & 30.) The plaintiff did not respond to the motions

or the affidavits. Instead, the plaintiff moved to amend his complaint. (ECF No. 37).

The proposed amended complaint (ECF No. 36) does contain more allegations about Maine contacts by those two defendants. But such allegations are insufficient. First Circuit law is clear that under the *prima facie* standard of determining personal jurisdiction, "the inquiry is whether the plaintiff has *proffered evidence* which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Bluetarp Financial, Inc. v. Matrix Const. Co., Inc., 709 F.3d 72, 79 (1st Cir. 2013) (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)) (emphasis added). A plaintiff "must *go beyond the pleadings* and make *affirmative proof*." United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corp., 987 F.2d 39, 44 (1st Cir. 1993) (emphasis added) (internal citations and quotations omitted). In making the *prima facie* determination, the district court "accepts *properly supported proffers of evidence* by a plaintiff as true and makes its ruling as a matter of law." Id. (emphasis added) (internal citations omitted). Moreover, "[t]o the extent that they are uncontradicted, we add into the mix the facts put forward by the defendant." Bluetarp Financial, 709 F.3d at 79 (internal citations omitted).

Here, the plaintiff has given me no evidentiary proffer whatsoever in response to the defendants' motions to dismiss for lack of personal jurisdiction. Moreover, the defendants' affidavits denying sufficient personal contacts with Maine are uncontradicted. Under these circumstances, I have no alternative but to **GRANT** the motions to dismiss for lack of personal jurisdiction.

*Motion to Amend Complaint*

I **GRANT** the plaintiff's motion to amend complaint as against the remaining defendant Shannon Auritt, the divorced spouse. There is no undue delay or prejudice. The defendant argues that I should nevertheless deny the amendment as futile. Def.'s Opp'n to Pl.'s Mot. at 6 (ECF No. 38). I reject that argument, but I proceed to consider the defendant's motion for judgment on the pleadings and for dismissal for lack of subject matter jurisdiction insofar as the motion applies to the Amended Complaint.[1]

*Motion for Judgment on the Pleadings*

The gist of the defendant Shannon Auritt's motion for judgment on the pleadings is that the plaintiff is really complaining about actions Take A Shower LLC, the corporate defendant, took, and that anything Shannon Auritt did was "done by way of her involvement with the LLC" and nothing individually. Def.'s Mot. for J. on the Pleadings (Def.'s Mot.) at 7 (ECF No. 23).

But the Amended Complaint alleges that "Shannon Auritt in her individual capacity used Defendant Take a Shower LLC as a way to fraudulently make money in the shower head business. . . .," Am. Compl. ¶ 43, and that "[e]ssentially, Defendant Take A Shower LLC is a sham limited liability company set up to allow Defendant Shannon Auritt to run the shower head business through her mother . . . ." Id. ¶ 51; see also ¶¶ 54, 57 (containing similar accusations with regard to "Shannon Auritt in her individual capacity"). The

---

[1] Among other things, the Amended Complaint replaces the federal declaratory relief count with a claim of fraudulent trademark registration under 15 U.S.C. § 1120 (Count 2). Am. Compl. ¶¶ 56-60 (ECF No. 36).

plaintiff may or may not be able to prove these assertions, but they are sufficient to withstand the defendant Shannon Auritt's motion for judgment on the pleadings.

*Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The defendant Shannon Auritt's argument for lack of subject matter jurisdiction is based on the "'Rooker-Feldman doctrine' which prohibits federal district courts from reviewing the decisions of state courts," Def.'s Mot. at 8, and on a District of Maine case that states that federal courts are likewise prohibited from "exercising jurisdiction over claims that are 'inextricably intertwined' with claims adjudicated in state court." Id. at 8-9 (quoting Chadwick v. Chadwick, 2003 WL 21369252, *3-5 (D. Me. June 12, 2003)). The defendant argues that the Maine District Court's decisions in her divorce proceedings are implicated in this lawsuit and therefore deprive this court of jurisdiction. I disagree. The Maine District Court certainly did make decisions about the allocation of the marital estate, and this court will not review those decisions. But the Maine District Court did not make decisions about federal or state trademark law violations, the subject of this lawsuit.[2]

### CONCLUSION

For these reasons, I **GRANT** the defendants Hamilton and Take A Shower LLC's motions to dismiss for lack of personal jurisdiction; **GRANT** the plaintiff's motion to amend the complaint as against the defendant Shannon Auritt; and

---

[2] The defendant has withdrawn her argument that the claims are barred by *res judicata*. Reply at 1 (ECF No. 32).

4

**DENY** the defendant Shannon Auritt's motion for judgment on the pleadings and to dismiss for lack of subject matter jurisdiction.

**SO ORDERED.**

**DATED THIS 12TH DAY OF APRIL, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**