UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| GARY AURITT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) | Civil No. 2:18-cv-471-DBH |
|  | ) |  |
| SHANNON AURITT, et al., | ) |  |
|  | ) |  |
| Defendants | ) |  |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

The motion to dismiss the defendant's counterclaims for lack of subject matter jurisdiction (ECF No. 62) is **Granted in part and Denied in part**.[1]

Under 28 U.S.C. § 1331, this court has federal question jurisdiction over the underlying complaint because the plaintiff seeks relief for unfair competition under a federal statute, 15 U.S.C. § 1125, and for fraudulent trademark registration under another federal statute, 15 U.S.C. § 1120. Am. Compl. ¶¶ 53-60 (ECF No. 36). That federal question jurisdiction provides supplemental jurisdiction, 28 U.S.C. § 1367, over the plaintiff's two related state law claims, state unfair competition and state dilution of the disputed common law mark or trade name, id. ¶¶ 61-67. But most of the defendant's counterclaims against the plaintiff are unrelated to that dispute, and therefore are not part of the case or

---

[1] The defendant originally had a lawyer, but the magistrate judge granted his motion to withdraw (ECF No. 57), and the defendant is now proceeding without a lawyer (ECF No. 60). The plaintiff does have a lawyer, but sadly the motion to dismiss does not analyze the relevant subject matter jurisdiction statutes or cite any case law.

controversy for jurisdictional purposes[2]—namely, those that assert defamation, harassment, and slander by the plaintiff.[3] I therefore **GRANT** the motion to dismiss as to counterclaims 1, 2, and 3.

I also point out to the defendant that the claims she asserts against the plaintiff's lawyers (including claims against them for allegedly violating the Maine Bar Rules and "Maine Professional Conduct") cannot proceed in this lawsuit, as it currently stands, because the lawyers are not parties.[4]

The claim that this lawsuit[5] is a wrongful use of civil proceedings by the plaintiff, however, does lie within the court's supplemental jurisdiction given the underlying complaint,[6] and therefore "Counter Claim #4" survives against the plaintiff (but is ineffective as against the lawyers, who are not parties).[7]

**SO ORDERED.**

**DATED THIS 23RD DAY OF JULY, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] That is the jurisdictional standard for counterclaims announced in Global NAPs, Inc. v. Verizon New England Inc., 603 F.3d 71 (1st Cir. 2010).
[3] They seem to involve interactions with friends, neighbors, and family, including treatment of the parties' children and the history of their divorce and child custody proceedings.
[4] It is not for me as the judge to advise her how to make them parties or whether she can do so under the requirements of Fed. R. Civ. P. 11(b).
[5] I emphasize *this* lawsuit, not the 50 lawsuits and civil proceedings that the defendant also refers to in "Counter Claim #4 The Wrongful Use of Civil Proceedings."
[6] In Global NAPs, Inc., 603 F.3d at 86-89, the First Circuit ruled that supplemental jurisdiction over counterclaims is broader than the transaction or occurrence test for compulsory counterclaims under Fed. R. Civ. P. 13(a). The remaining counterclaim here, which is directly related to the underlying complaint, survives as either a compulsory or a permissive counterclaim. I am ruling only on the question of subject matter jurisdiction, not on the merits of the claim.
[7] The defendant pleads a separate counterclaim of "malice," but malice is not an independent tort. I therefore treat that count as supplementing her other claims, including the surviving "wrongful use of civil proceedings" counterclaim.