UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GARY AURITT, )<br>)<br>      *Plaintiff* )<br>)<br>v. )<br>)<br>SHANNON AURITT, )<br>)<br>      *Defendant* ) | No. 2:18-cv-00471-DBH |

### *AMENDED RECOMMENDED DECISION ON MOTIONS FOR SUMMARY JUDGMENT*[1]

In this case arising from disputes over intellectual property rights in the plumbing fixture industry, *pro se* defendant Shannon Auritt moves for summary judgment as to all four claims against her by her ex-husband Gary Auritt, *see* Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 106) at 2, 8, 20-21; Amended Complaint (ECF No. 59) ¶¶ 53-68, and the parties cross-move for summary judgment on the defendant's sole remaining counterclaim against the plaintiff, for the wrongful use of civil proceedings, *see* Defendant's Motion at 20-21; Counterclaim Defendant Gary Auritt's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 117) at 1; The Defendant's Answer to the Complaint (ECF No. 61-1), attached to Defendants' Response to the Plaintiff's Motion to [File] Second Amended Complaint and Counterclaim Against Plaintiff, Water Management, Hungerford Legal P.C. and Andre J. Hungerford (ECF No. 61) , at 6-10; Order on Plaintiff's Motion to Dismiss Counterclaims (ECF No. 71).  I recommend that the court grant the plaintiff's motion and deny that of the defendant.

---

[1] This Amended Recommended Decision only amends the Notice on the last page.

## I. Applicable Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of the plaintiff's claims, a trial-worthy controversy exists, and summary judgment must be denied as to any supported claim. *Id.* at 78 ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (citation and internal punctuation omitted)). Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

By rule, a party seeking summary judgment must file, in addition to its summary judgment motion, a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement. Loc. R. 56(b). A party's *pro se* status does not relieve the party of the obligation to comply with the court's procedural rules.[2]

---

[2] "[T]he Court is required to maintain a strict neutrality between opposing parties and even though a more forgiving reading may be appropriate for a *pro se* party in the summary judgment context, it is also true that '[j]udges and magistrate judges who review these filings must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented [party] or devoting an excessive portion of their time to such cases.'" *United States v. Baxter*, 841 F. Supp. 2d 378, 383 (D. Me. 2012), *aff'd*, No. 12-1196 (1st Cir. Sept. 10, 2012) (quoting *Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007)).

## II. Defendant's Motion for Summary Judgment on Plaintiff's Claims

As the plaintiff observes, *see* Plaintiff Gary Auritt's Opposition to Shannon Auritt's Motion for Summary Judgment ("Plaintiff's Response") (ECF No. 119) at 1-2, the defendant fails to comply with the requirement of Local Rule 56(b) that a party seeking summary judgment file a statement of material facts citing record evidence in support thereof. This, in itself, is fatal to her bid for summary judgment as to all four claims against her. The requirement is not a mere technicality; it exists to aid the parties and the court in identifying whether genuine issues of material fact prevent the entry of summary judgment in the moving party's favor. The defendant's failure to file such a statement undermines this process. As the plaintiff notes, *see id.*, absent the required statement, he is unable to file an opposing statement of material facts that admits, denies, or qualifies the defendant's statement of facts, *see* Loc. R. 56(c). That the defendant is proceeding *pro se* does not excuse her noncompliance. *See, e.g., Baxter*, 841 F. Supp. 2d at 383. In any event, she participated in a pre-filing conference pursuant to Local Rule 56(h) during which this requirement, among others, was made clear. *See* Report of Pre-Filing Conference under Local Rule 56(h) ("Rule 56(h) Order") (ECF No. 102) at 2, ¶ 4 & 3, ¶ 2.[3]

In the alternative, even if the court is inclined to examine the merits of the defendant's motion, *see, e.g., Tinkham v. Perry*, No. 1:12-cv-229-GZS, 2015 WL 2092513, at *2 (D. Me. May 5, 2015) ("[I]n certain cases, the Court has approached summary judgment disputes involving a *pro se* party with some leniency."), I recommend that the motion be denied. The defendant relies

---

[3] The defendant further failed to comply with the court's rules governing summary judgment practice by filing more than 500 pages of record materials, *see* ECF Nos. 107-16, exceeding the limitation set during the Local Rule 56(h) conference to 350 pages of record materials per party, *see* Rule 56(h) Order at 2, ¶ 5, without seeking leave of court to do so.

not on record evidence, but, rather, on her answer to the plaintiff's complaint, *see* Defendant's Motion at 9-14, and rehashes points made in a prior motion (for judgment on the pleadings or, in the alternative, for dismissal of the complaint), *compare id*. at 6-8, 14-20 *with* Defendant Shannon Auritt's Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss (ECF No. 23) at 4-11. In turn, those points were either withdrawn, *see* Reply in Support of Defendant Shannon Auritt's Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss (ECF No. 32) at 1, or rejected on the merits, *see* Decision and Order on Pending Motions (ECF No. 43) at 3-5 & n.1.

The defendant's motion for summary judgment as to the plaintiff's four claims against her, accordingly, should be denied.

### III. Cross-Motions for Summary Judgment on Defendant's Counterclaim

In passing, the defendant also moves for summary judgment on her remaining counterclaim against the plaintiff, requesting "a finding that Counterclaim Defendant Mr. Gary Auritt abused the court system to harass the Defendant Ms. Shannon Auritt." Defendant's Motion at 21. However, the defendant neither offers reasoned argument nor identifies record evidence in support of that request, thereby waiving it. *See, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations omitted).

The plaintiff cross-moves for summary judgment on that counterclaim, setting forth the following statements of material facts in support thereof:

In her video deposition on September 5, 2019, the defendant testified, in response to the question why she filed a counterclaim against the plaintiff for the wrongful use of civil proceedings, "Because he's suing me for something he knows is false, and he's abusing the court

system to abuse me."  Counterclaim Defendant Gary Auritt's Statement of Material Facts in Support of his Motion for Summary Judgment ("Plaintiff's SMF") (ECF No. 117-1), attached to Plaintiff's Motion, ¶ 1; Videotaped Deposition of Shannon K. Auritt ("Video Dep.") (ECF No. 117-2), attached to Plaintiff's Motion, at 40.  When asked which court system, she testified, "The federal court system."  *Id*.  When asked if she could point to a specific process that the plaintiff abused, the defendant responded: "I object as you're asking me to draw legal conclusions in my defense of that suit."  Plaintiff's SMF ¶ 2; Video Dep. at 40.

Pursuant to Maine law, proof of the tort of wrongful use of civil proceedings entails a showing that "(1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought."  *Pepperell Tr. Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 15, 708 A.2d 651, 656.

In *Pepperell*, the Law Court held that "a claim of wrongful use of civil proceedings may not be brought as a counterclaim to the offending proceeding," *id*., 1998 ME 46, ¶ 19, 708 A.2d at 657, explaining, "because a cause of action for malicious prosecution or wrongful use of civil proceedings cannot accrue until the offending proceeding has fully terminated in favor of the original defendant inclusive of any right to or pendency of post-trial process or appeal, such a claim may not be asserted in the very proceeding that forms the basis of the claim[,]" *id*., 1998 ME 46, ¶ 18, 708 A.2d at 656-57 (footnotes omitted).

The plaintiff introduces evidence, which the defendant does not controvert, that her counterclaim of wrongful use of civil proceedings targets his conduct in the instant suit.  Indeed, in opposing the plaintiff's motion, the defendant states, "I can't see how by Mr. Gary Auritt's

actions don't alone prove *my case for abuse of civil procedure in this case*." Defendant's Motion for Summary Judgment [sic] (ECF No. 118) at 2 (emphasis added).

The plaintiff, accordingly, demonstrates his entitlement to summary judgment as to the defendant's counterclaim.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the plaintiff's motion for summary judgment as to the remaining counterclaim against him and **DENY** that of the defendant for summary judgment as to all four claims against her as well as her counterclaim against the plaintiff.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of April, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge