UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GARY AURITT, )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>SHANNON AURITT, )<br>)<br>DEFENDANT ) | CIVIL NO. 2:18-CV-471-DBH |

ORDER ON DEFENDANT'S MOTION FOR
VIDEOCONFERENCE BENCH TRIAL

This lawsuit is a controversy over a trademark and its use in the shower head business. The plaintiff divorced husband has sued his divorced wife alleging that after the divorce she created a company that unfairly competes against him, that she fraudulently obtained a trademark similar to his, and that she infringes on his federally registered mark. I have earlier dismissed other defendants for lack of personal jurisdiction. See Decision and Order on Pending Motions (ECF No. 43). The remaining defendant is no longer represented by her lawyer and now is proceeding pro se. The parties continue to litigate in state court over compliance with their divorce decree and continually dispute their child custody arrangements.

The discovery and motion deadlines have passed and in ordinary times the matter would be scheduled for final pretrial conference and trial. But the court is not yet conducting in-person hearings due to the pandemic.

The pro se defendant has now moved for a bench trial by videoconference. Chief Judge Levy in General Order 2020-11, July 30, 2020, invited counsel to make such a request.  See Part B.  The plaintiff, however, objects.

Fed. R. Civ. P. 77(b) states: "Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom."  Rule 43(a) provides generally that "witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."  (There is no applicable statute or rule that applies.)  But Rule 43(a) goes on to say: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Id.  A handful of cases have used this language to support a bench trial by videoconference on account of the pandemic, some over objection by a party.  See, e.g., Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n, No. 17-11130, 2020 WL 3717792, at *1-5 (E.D. Mich. June 30, 2020); Argonaut Ins. Co. v. Manetta Enters., Inc., No. 19-CV-00482, 2020 WL 3104033, at *1-3 (E.D.N.Y. June 11, 2020).[1]

This District has not yet conducted a videoconferenced bench trial.  The relationship of the parties in this case is unusually contentious.  The defendant is proceeding without a lawyer to guide her or apply the Rules of Evidence, and

---

[1] See also In re RFC & ResCap Liquidating Tr. Action, 444 F. Supp. 3d 967 (D. Minn. 2020) (concluding that where the COVID pandemic interrupted an ongoing trial, Fed. R. Civ. P. 43(a) enabled the court to conduct the final two days of trial by videoconference).

she will necessarily be a witness.  Service of process issues in her counterclaims naming new parties and the summary judgment proceedings both have demonstrated her difficulty in complying with court rules.[2]  It would be very difficult for me as a judge to control the virtual courtroom under such circumstances.  This is not the case to be the bellwether for virtual trials.[3]

I understand the defendant's frustration that she cannot bring this matter to an end.  In denying her motion, I do so without prejudice to its being renewed if the courtroom closure drags on and/or the court gains experience with bench trials by videoconference.  At this time, however, her request does not demonstrate "compelling circumstances" to support a videoconferenced bench trial.  Fed. R. Civ. P. 43(a).  Accordingly, the defendant's motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 24TH DAY OF AUGUST, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] See Am. Recommended Dec. on Mots. for Summ. J., Apr. 23, 2020 (ECF No. 124); Order Dismissing Countercl., Oct. 1, 2019 (ECF No. 97).

[3] The plaintiff points out that the defendant has a lawsuit pending against the plaintiff in the Maine Superior Court; thus, a videoconferenced trial in this federal lawsuit would not end the litigation between the parties.  See Pl.'s Objection to Def.'s Mot. (ECF No. 128, 128-2).